FELICIA S. SNELL v. CAUDLE SAND & ROCK COMPANY, INC.

(Filed 8 November, 1967.)

**Automobiles § 79—**

Evidence that plaintiff, traveling east on a dominant highway, did not see defendant's truck which had turned left into the median between the east and westbound lanes, and then started across the eastbound lane, until she was some 138 feet from the truck, and that she collided with the rear wheel of the truck as it was traversing her lane of travel, *held* not to disclose contributory negligence as a matter of law.

APPEAL by defendant from *Braswell, J.,* Second February, Regular Civil Session, 1967, WAKE County Superior Court.

Upon the first trial of this case, the Court below allowed the defendant's motion for nonsuit. Upon appeal, we held this to be error. Chief Justice Parker well summarized the plaintiff's evidence in the opinion of the Court (267 N.C. 613, 148 S.E. 2d 608). No useful purpose would be served in repeating it in detail.

The plaintiff's evidence was to the effect that she was driving her car at a lawful speed eastwardly on U. S. Highway #70 about two and a half miles west of Raleigh. At that place, U. S. Highway #70 consists of two lanes for eastbound traffic and two for westbound traffic, they being separated by a grass median. The accident occurred where Rural Paved Road #1666 crosses U. S. #70 in a north-south direction. At that point there is an unobstructed view to the west for four-tenths of a mile. When the plaintiff was 138 feet from Rural Paved Road #1666, she saw defendant's truck in and crossing U. S. #70, "just dashing across the highway." She applied her brakes but collided with the truck, the right front of her car striking the right rear wheel of the truck. She saw no turn signal.

The plaintiff also offered the adverse examination of George L. Sledge who was driving the defendant's truck. He said he turned left from the westbound lane of U. S. #70 to the median strip, at which time he saw the plaintiff. "The next time was when I was leaving the highway. . . . Between the first and second times I saw her, I was looking straight ahead [south] in the direction I was going. . . . As I approached the cross-over I did not see the automobile driven by Mrs. Snell. I didn't pay any attention because when I was approaching the cross-over I was looking straight ahead and then I turned in and that's when I looked."

The defendant offered testimony as to the scene of the collision and damage to its truck, but no evidence as to the event itself.

Issues of negligence, contributory negligence, and damage were submitted to the jury, and all were answered in favor of the plaintiff. The defendant appealed.

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey, Attorneys for defendant appellant.*

*Maupin, Taylor & Ellis by William W. Taylor, Jr., Attorneys for plaintiff appellee.*

PER CURIAM. Upon the second trial the evidence of the plaintiff was substantially the same as upon the first one. We have al-

ready held that it was sufficient to repel the defendant's motion for nonsuit, and to this we adhere.

In addition to the evidence at the previous trial, the plaintiff offered the adverse examination of defendant's driver, Sledge, which was summarized above.

The defendant's evidence tended to show that Mrs. Snell had an unobstructed view of the crossing for one-third of a mile, and it urged that her failure to see the truck until she was 138 feet from it showed she was not keeping a proper lookout and that the collision itself indicated that she did not have her car under proper control.

This presented a question for the jury upon the defendant's plea of contributory negligence. Upon correct instructions, it has been determined adversely to the defendant.

The defendant brings forth several alleged errors in the charge. If such they be, we are of the opinion, after considering them, that they were not substantial or prejudicial.

No error.